LAW OFFICES OF PHILIP DEITCH
**Philip Deitch, SBN 29164**
Mailing Address: P.O. Box 8025
Van Nuys, California 91406-8025
Telephone:  (818) 717-0901
Fax Number  (818) 717-0906
*Philde@mindspring.com*

### UNITED STATES DISTRICT COURT

### FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NO.  CR 02-673 MMM |
| ) | |
| Plaintiff ) | DEFENDANT JOSHUA DANIELSON'S JOINDER IN CO-DEFENDANT'S MOTION TO |
| ) | |
| vs. ) | DISMISS  FOR VIOLATION OF DEFENDANTS SIXTH AMENDMENT |
| ) | RIGHT |
| ) | |
| JOSHUA DANIELSON ) | |
| ) | Date: February 9,  2009 |
| Defendant ) | Time: 1:15 PM |
| _____ ) | |

Defendant Mr. Joshua Danielson joins in the motion filed by co-defendant

Mr. Natty Asiengu to dismiss the first superceding indictment. This joinder is

offered upon the ground that the post indictment delay between the filing of the

indictment in June, 2002 and Mr. Danielson's arrest in May, 2005 violates Mr.

Danielson's Sixth amendment right to a speedy trial.

This defendant's joinder is based upon the pleadings submitted on behalf of

Mr. Asiengu, the attached memorandum of law,  and will place particular focus on

the recent holding of the Ninth circuit in *United States v Mendoza*, 530, F.3d 758

[9[th] cir. 2008].

Dated: January 3, 2009

                                        LAW OFFICE OF PHILIP DEITCH


                                        Philip Deitch
                                        Attorney for Defendant

MEMORANDUM

A.  FACTS

As is co-defendant Mr. Natty Asiegbu,  Mr. Danielson is a Canadian citizen who was living in Vancouver, British Columbia at the time of his arrest. The initial indictment occurred in June, 2002. He was arrested, and extradition proceedings commenced, in May, 2005. He moved from Toronto to Vancouver, B.C. in September 2001 and lived there continuously until his arrest.

Mr. Danielson was originally indicted on June 27, 2002. A bench warrant issued on that date. On November 21, 2002 a request for extradition was forwarded requesting Mr. Danielson's extradition. The criminal conduct alleged in the request involved an allegation of fraud occurring between April 1, 1997 to December, 2000; and an allegation of mail Fraud between April 1, 1997 through December 31, 2000. On April 24, 2003, a supplemental record was submitted to the Minister handling extradition, and a second supplemental record was forwarded to the Minister. Neither document contained a copy of the United States Indictment.   A superceding indictment was issued on August 5, 2004, and a bench warrant was again issued. On August 13, 2004 the original bench warrant, issued in June, 2002 was returned unexecuted.

In May, 2005 Mr. Danielson was arrested in Vancouver, British Columbia. He challenged the extradition proceedings on the advise of his Canadian lawyer. Mr. Danielson remained on bail throughout the extradition proceeding.

Mr. Danielson, under Canadian law, challenged the extradition proceedings upon two grounds. The first was that at the initial hearing, based on that which was submitted by the United States,  Mr. Danielson was committed only for one count of fraud, but  not for mail fraud, which is the underlying basis for the indictment before this court.  Thereafter, following the receipt of the 24 count indictment,  the extradition minister ordered that Mr. Danielson be surrendered on 16 counts of wire fraud even though the indictment had not been before the extradition judge at the committal hearing. The second ground was that under Canadian precedents, counsel for Mr. Danielson urged that the evidence linking the Mr. Danielson to the person so named in the indictment was insufficient.

On December 18, 2006 Mr. Danielson's Canadian lawyer, for the first time was presented with a copy of the indictment.

On January 16, 2009 Mr. Danielson appeared for the arrest on indictment.  A trial date of March 10, 2009 was ordered.

B.   DISCUSSION

The record shows that a three year delay occurred between the issuance of the indictment and the arrest of Mr. Danielson. As pointed out in co-counsels reply memo, an additional delay was occasioned by faulty submission of records, which did not even include a copy of the indictment.  Thus, there is  nearly a seven year lapse between the original indictment and Mr. Danielson's trial date. The lapse of time compels Mr. Danielson to attempt to locate witnesses and documents to

develop a defense for conduct allegedly occurring between 1997 and 2000, i.e. between nine and twelve years ago, which arose in a foreign country.

In June, 2008 the Ninth circuit decided the case of *United States v Mendoza*, 530 F.3d 758 [9th cir. 2008]. In *Mendoza* the circuit found a Sixth amendment violation. *Mendoza* reaffirmed the four factor test of *Barker v Wingo*, 407 U.S. 514, 530 [1972] factors referenced in the earlier briefing by the parties.[1] The court in *Mendoza* noted that the length of the delay is measured from the time of the indictment to the time of trial. In this case, the length of the delay is nearly seven years. The length of the delay is, under *Mendoza* and *Barker* a triggering factor. If the length of time is presumptively prejudicial, the other three factors come into play.

*Mendoza* re-affirmed that it is the government's primary obligation to pursue a defendant and bring him to trial. *Mendoza*, supra, ; *United States v Sandoval*, 990 F.2d. 481 [9th cir. 1993]. The government is obligated to pursue the defendant with "reasonable diligence." Prejudice is presumed if the government is negligent in that task. If the defendant is not attempting to avoid detection and the government makes no serious effort to find him, the government is considered to be negligent. *Doggett v United States*, 505 U.S. 647 [1992].

---

[1] [1] the length of the delay [2]the reason for the delay [3] the defendants assertion of his right, and [prejudice to the defendant.

The court in *Mendoza* noted that the agents made no effort to contact the defendant [who was in the Philipines] to notify him that he had been indicted. The government in this case failed to attempt to locate or notify the defendant for years. The government did, however, attempt to initiate extradition.  The net result of the governments efforts was that Mr. Danielson was not notified of the fact of an indictment until 3 years after  he had been indicted.  Mr. Danielson was making no effort to keep his whereabouts unknown.  It is clear that for several years the government made no serious effort to find Mr. Danielson.

The Supreme court has recognized that there are several forms of prejudice that can result from post indictment delay (1) oppressive pre trial incarceration (2) Anxiety and concern of the accused, and (3) most importantly that the accused's defense will be impaired by dimming memories and loss of exculpatory evidence. *Mendoza*, supra; *Doggett* 505 U.S. at 564.  The inability of a defendant to adequately prepare his case skews the fairness of the system. *Barker*, 407 U.S. at 532.  This form of prejudice is also the most difficult to prove because "time's erosion of exculpatory evidence and testimony can rarely be shown. "id at 655. Excessive delay can compromise the reliability of a trial in ways that neither party can prove, or for that matter, identify." Id.

For those reasons, no showing of prejudice is required when the delay is great and attributable to the government.  *Mendoza*; *United States v shell*, 974 F.2d 1035 [9th cir. 1992].

As in *Mendoza*, it is the position of the defense in this case that the delay is substantial and the government did not exercise due diligence in pursuing him. Therefore, prejudice is presumed.

C. CONCLUSION

Defendant Danielson joins in the motion to dismiss the indictment.

Dated: February 4, 2009

                              LAW OFFICE OF PHILIP DEITCH

                              /s/ Philip Deitch [electronic signature]
                              Attorney's for Defendant

                              PO Box 8025
                              mailing address

                              Van Nuys, California 91406
                              City, state and zip code

                              818 717 0901; 818 512 7222 [mobile]
                              Telephone number

                              philde@mindspring.com
                              e mail address

## **CERTIFICATION**

I, Philip Deitch, hereby certify that on February 5, 2009 counsel e filed the attached document in the ECF system. That system provides for automatic service upon the parties.  Those parties include the following: United States Attorney's office and Assistant United States attorney Ms. Ellyn Lindsay ;   Mr. Mark Kassabian.

Dated: February 5, 2009                    /s/ Philip Deitch [electronic signature]
                                            Attorney's for defendant

                                            PO Box 8025
                                            mailing address

                                            Van Nuys,  California 91406
                                            City, state and zip code

                                            818 717 0901; 818 512 7222 [mobile]
                                            Telephone number

                                            philde@mindspring.com
                                            e mail address