THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
ELLYN MARCUS LINDSAY (Cal. State Bar No. 116847)
Assistant United States Attorney
Senior Litigation Counsel, Major Frauds Section
    1100 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2041
    Facsimile: (213) 894-6269
    E-Mail: Ellyn.Lindsay@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | ) | No. CR 02-673-MMM |
|---|---|---|
| Plaintiff, | ) | GOVERNMENT'S OPPOSITION TO DEFENDANT JOSHUA DANIELSON'S JOINDER IN CO-DEFENDANT'S MOTION TO DISMISS FOR VIOLATIONS OF DEFENDANTS['] SIXTH AMENDMENT RIGHT; DECLARATIONS OF ELLYN MARCUS LINDSAY AND JEFFREY OLSON |
| v. | ) | |
| NATTY ASIEGBU, et al., | ) | |
| Defendants. | ) | |
| | ) | Date: February 9, 2009 |
| | ) | Time: 1:15 p.m. |

    Plaintiff United States of America, by and through its counsel of record, hereby opposes the Joinder by Defendant Joshua Danielson in Co-Defendant's Motion to Dismiss for Violations of Defendants['] Sixth Amendment Right.  This opposition is based on the attached memorandum of points and authorities, the declarations of Ellyn Marcus Lindsay and Jeffrey Olson, the files and records in this case, and such other evidence and argument that is provided to the

1 | Court at the hearing on this matter.

2 | DATED: February ___, 2009        Respectfully submitted,

3 | THOMAS P. O'BRIEN
United States Attorney

4 |

5 | CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

6 |

7 | _____/s/_____
ELLYN MARCUS LINDSAY

8 | Assistant United States Attorney
Senior Litigation Counsel

9 | Major Frauds Section

10 | Attorneys for Plaintiff
United States of America

1 **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendant Natty Asiegbu has moved to dismiss the indictment in this case based on the alleged violation of his Sixth Amendment right to a speedy trial. Defendant Joshua Danielson now joins in the motion. The government hereby incorporates as if fully set forth herein its response to defendant Asiegbu's motion. The government files this opposition only to address specific points raised by defendant Danielson in his motion and in defendant Asiegbu's reply to the government's opposition.

Both defendants assert that the government was negligently responsible for the three-year delay between the defendants' indictment in June 2002 and their arrest in May 2005. The government disagrees and sets forth again that a balancing of the factors set forth in <u>Barker v. Wingo</u>, 407 U.S. 514 (1972), demonstrates that the defendants' motions must be denied.

**II.**

**ADDITIONAL FACTS**

The government has attached an additional declaration of Office of International Affairs ("OIA") attorney Jeffrey M. Olson ("Olson Dec."). Mr. Olson explains that an extradition request to Canada includes a Record of the Case and a Legal Statement. (Olson Dec. ¶ 2A). The indictment is included with the Legal Statement, not with the Record of the Case. (<u>Id.</u>) In this case, the indictment was properly included with the Legal Statement that was presented to Canada along with the original Record of the Case. (<u>Id.</u>)

-1-

Mr. Olson was of the opinion that the original request for extradition in this matter was sufficient at the time it was submitted to Canada. (Olson Dec. ¶ 2C). Canada often requests additional information on extradition requests in the form of one or more supplemental Supplemental Records of the Case. (Olson Dec. ¶ 2B). In fact, Canada's delay in processing the request in this case, as well as others, was the subject of a meeting between American and Canadian officials in March 2005. (Olson Dec. ¶ 2D).

### III.

### **ARGUMENT**

### **THE DEFENDANTS' SPEEDY TRIAL RIGHTS WERE NOT VIOLATED**

Both defendants assert that the government was responsible for the full three-year delay between their indictment and their arrest. They assert that the government's papers to Canada were faulty and lacking, and that this was the reason for the delay.

First, defendant Danielson appears to claim that the government failed to provide the Canadians with a copy of the indictment in this case, and that Mr. Danielson's attorney did not obtain a copy of the indictment until December 2006. However, the government provided the indictment to Canadian authorities along with its original extradition submission in November 2002. Following that, the government had no control over the date the Canadian authorities provided the indictment to defense counsel.[1]

Both defendants maintain that because Canada requested two Supplemental Records of the Case, the original submission must have

---

[1] In fact, had defense counsel contacted the government at any time and requested a copy of the indictment, such a copy would have been provided immediately.

-2-

been faulty.  As set forth in Mr. Olson's declaration, however, it was his opinion that the original submission was complete and appropriate, and it is not at all unusual for the Canadian authorities to request additional information.  Moreover, even if the government's original submission was incomplete or otherwise lacking, the government was not made aware of this fact until four months after its submission.  The government responded six weeks later.  Following that, and despite several inquiries from the government to Canada, the government was not made aware of additional problems until January 2004, a full nine months after its submission.  After the government responded to the second request, on June 24, 2004, it was almost another full year before the defendants were arrested.

Thus, as the government stated in its opposition to defendant Asiegbu's motion, the government acted with due diligence in pursuing the extradition.  While the government took five months to submit its original request for extradition, and took additional time to respond to the requests from Canada, some delay is "often both inevitable and wholly justifiable." United States v. Doggett, 505 U.S. 647, 656 (1992).  Even if the government was negligent, it was only responsible for 11 months of the delay.  Because such a time period is just over the time necessary to trigger the Sixth Amendment inquiry, the defendants must show prejudice from the delay.  United States v. Gregory, 322 F.3d 1157, 1163 (9th Cir. 2003).  Going even further, if this Court were to find that Canada's requests for additional information meant that the government's submissions were negligent, the total amount of time for which the government would be responsible would be two years.  Following the

-3-

1  government's submission of its Second Supplemental Record in June
2  2004, Canada did not require more information, and thus the one-year
3  delay from that point before the defendants were arrested cannot be
4  attributed to the government.  A delay of two years based on the
5  government's negligence would still require a showing of prejudice
6  from the defendants to warrant dismissal of the indictment.  See
7  United States v. Gregory, 322 F.3d at 1163 (22-month delay not
8  sufficient to excuse defendant from showing prejudice, even given
9  government's negligence); United States v. Vasquez, 918 F.2d 329,
10 338 (9th Cir. 1990) (26-month delay not great).
11      Thus, even if this Court were to find the government negligent,
12 the defendants would have to show some prejudice from the delay in
13 order to warrant a dismissal of the indictment.  Defendant Danielson
14 does not attempt to show prejudice, but rather argues only that
15 prejudice is presumed.  The government has addressed defendant
16 Asiegbu's initial claim of prejudice in its opposition to his
17 motion.  In his reply to the government's opposition, he assets a
18 new claim of prejudice: that, had he known of the charges against
19 him, he would not have cooperated with the Federal Trade Commission
20 ("FTC") to create incriminating documents.  The government assumes
21 that defendant is referring to the declaration he signed in May
22 2003, filed as Attachment B to the Declaration of Eleanor Durham
23 with the government's opposition to his motion.  However, any
24 incriminating statements made in that document are merely
25 repetitions of statements made in documents filed in open court in
26 Canada in April 2000, as set forth in paragraph seven of the
27 Declaration of Eleanor Durham, and documents in Attachment A to that
28

-4-

Declaration marked as pages SJ 168-SJ 172. Any prejudice from the repetition of those statements is minimal.

## IV.

## CONCLUSION

Based on the foregoing, the government respectfully requests that the Court deny the defendants' motion.

DECLARATION OF ELLYN MARCUS LINDSAY

I, ELLYN MARCUS LINDSAY, hereby declare as follows:

1. I am an Assistant United States Attorney for the Central District of California, and am assigned to the case of <u>United States v. Natty Asiegbu, et al.</u>, No. CR 02-673-MMM.

2. In connection with the Opposition to the Motion by Defendant Natty Asiegbu To Dismiss Indictment for Violation of Defendant's Sixth Amendment Right to Speedy Trial, I am filing the Declaration of Jeffrey M. Olson. Mr. Olson is located in Washington, D.C. Therefore, I received his sworn and signed declaration via pdf, and am filing the declaration in that format.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: 2/6/09

_____
ELLYN MARCUS LINDSAY